**Robert J. MILANAK, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3371.

United States Court of Appeals, Federal Circuit.

May 10, 2002.

Before MAYER, Chief Judge, MICHEL and DYK, Circuit Judges.

PER CURIAM.

Robert Milanak seeks review of the July 11, 2001, decision of the Merit Systems Protection Board, No. PH1221000237W–1, concluding it did not have jurisdiction to hear his appeal. We *affirm.*

Milanak was a deportation officer with the Immigration and Naturalization Service ("INS") until he was removed for various misconduct charges. On June 25, 1998, Milanak, through his union representative, filed a grievance of his removal under the negotiated grievance procedures set forth in the collective bargaining agreement. Also on that day, Milanak sent a letter to the Office of Special Counsel ("OSC") disclosing alleged wrongdoings at the INS. The letter did not seek corrective action for his removal or any other personnel action. On May 19, 1999, the arbitrator denied Milanak's grievance and upheld his removal. In August of 1999, Milanak filed a complaint with the OSC asserting that he had been removed from his position in violation of 5 U.S.C. § 2302(b)(8), because the INS was aware that he was going to make harmful disclosures. After more than 120 days had elapsed without any notification from the OSC, Milanak sought review of his removal before the Merit Systems Protection Board. The board concluded that it lacked jurisdiction because, under 5 U.S.C. § 7121(g), an employee who is subject to a collective bargaining agreement may file a grievance or a petition to the board, but not both.

Milanak argues that the board's decision was not in accordance with law because his prior grievance did not preclude his request for corrective action from the OSC. Section 7121(g) requires the petitioner to elect one of three possible remedies, and that election is made upon the timely filing of an appeal, written grievance, or a request for corrective action. 5 U.S.C. § 7121(g)(2), (4). Because Milanak's election was made on June 25, 1998, he cannot later advance a separate theory of correction for his removal through a non-elected source of remedy.

Milanak also contends that filing a grievance was not a valid election because, in its adverse action decision letter, the INS did not inform him of his right to seek corrective action from the OSC. Milanak argues that the INS has a statutory obligation to inform him of his right to file a complaint with the OSC under 5 U.S.C. § 2302(c) as amended by the 1994 amendments to the Whistleblower Protection Act. Pub.L. No. 103–424, Section 5(d), 108 Stat. 4361, 4364. However, nothing in the statute, or its legislative history, requires the INS to advise employees that they have a right to file with the OSC in every adverse action decision letter.

Last, Milanak argues that his election was not valid because the INS failed to comply with 5 C.F.R. § 1201.21(b), which requires that he be provided with a copy of the board's regulations upon his termination. This argument fails because the INS provided Milanak with an out-dated version of the applicable regulations that made clear that the election of one remedy precluded the use of another. *See* 5 C.F.R. § 1201.3(c)(1)(i) (1995). And, while the INS erred, the error was harmless.